IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) BIZJET INTERNATIONAL SALES AND SUPPORT, INC., <br>     Plaintiff, <br> v. <br><br> (1) MAVERICK 8 TRANSPORTATION, LLC, <br>     Defendant. | Case No. <br><br> **13 CV -795 GKF - PJC** |

FILED
DEC 16 2013
Phil Lombardi, Clerk
U.S. DISTRICT COURT

## COMPLAINT

Plaintiff BizJet International Sales and Support, Inc ("BizJet"), for its causes of action against Defendant Maverick 8 Transportation, LLC, states as follows:

### THE PARTIES

1.  BizJet is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

2.  Defendant Maverick 8 Transportation, LLC ("Maverick") is a limited liability company organized under the laws of the State of Delaware. Upon information and belief, its sole member is a citizen of the State of California.

### JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as this is a civil action between citizens of different States and the matter in controversy exceeds $75,000.00.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391.

### First Claim
### (Breach of Contract)

5.  BizJet realleges and incorporates by reference the preceding allegations of this Complaint.

6. BizJet is the owner of a Spey aircraft engine, model 511-8, serial number 8731 (the "Leased Engine").

7. Maverick is the owner of a Spey aircraft engine, model 511-8, serial number 11205 (the "Repaired Engine").

8. In July 2013, BizJet entered into one or more contracts with Maverick, pursuant to which BizJet agreed to provide certain inspection-related labor and services for the Repaired Engine and to lease the Leased Engine to Maverick while performing services for the Repaired Engine, and Maverick agreed to pay for such services.

9. BizJet performed the agreed-upon labor and services and has invoiced Maverick.

10. Maverick has not paid BizJet the amount due for the labor and services.

11. Pursuant to the parties' agreement, Maverick was obligated to return the Leased Engine to BizJet (or place it enroute via air transport to BizJet) within seven days after notification by BizJet that the Repaired Engine was in a serviceable condition and available to Maverick.

12. BizJet informed Maverick that the Repaired Engine was in a serviceable condition and available to Maverick on September 9, 2013.

13. Maverick has not returned the Leased Engine to BizJet, nor is the Leased Engine enroute via air transport to BizJet, resulting in damage to BizJet, which is continuing.

14. BizJet will suffer irreparable harm if Maverick is not ordered immediately to cease use of the Leased Engine and return the Leased Engine to BizJet.

15. Maverick is obligated under its contract to compensate BizJet for any loss and damage resulting from its misuse of the Leased Engine.

16. Maverick is obligated under its contract to make other payments to BizJet for the Leased Engine, including per flight-hour and per day fees.

17. Maverick is further obligated under its contract to provide certain information to BizJet related to the Leased Engine but has not done so.

18. Pursuant to the parties' contract, the exclusive venue for this action is the state or federal court in Tulsa, Oklahoma, and Maverick has submitted to the jurisdiction and venue of this Court and waived any right to transfer or change the venue.

19. BizJet has made demand upon Maverick for payment, but Maverick has refused payment.

20. As a result of Maverick's actions, BizJet has suffered damages in excess of $254,850.00 as of December 11, 2013, with damages continuing to accrue at a rate of $1,500.00 per day.

21. BizJet is entitled to recover its attorney fees and costs.

## Second Claim
### (Quantum Meruit)

22. BizJet realleges and incorporates by reference the preceding allegations of this Complaint.

23. BizJet furnished and rendered the above-described labor and services, including use of the Leased Engine, to Maverick with the reasonable expectation of being compensated.

24. Maverick knowingly accepted these services.

25. Maverick would be unfairly benefited by receiving the services, if no compensation were paid to BizJet.

26. BizJet is entitled to the fair value of the services provided by it to Maverick.

## Third Claim
## (Conversion)

27. BizJet realleges and incorporates by reference the preceding allegations of this Complaint.

28. BizJet owns and has the right to possess the Leased Engine.

29. Maverick has no legal basis for failing to return the Leased Engine to BizJet.

30. Maverick is wrongly and intentionally asserting dominion over the Leased Engine in denial of and inconsistent with BizJet's ownership rights therein and is preventing BizJet from having access to its Leased Engine.

31. Maverick has acted with reckless disregard for the rights of others and/or acted intentionally and with malice towards others.

WHEREFORE, BizJet prays for the following:

a. judgment against Maverick in excess of $75,000.00;

b. judgment against Maverick for punitive damages;

c. judgment against Maverick for specific performance of the parties' contract;

d. preliminary and permanent injunction ordering Maverick to cease all use of the engine;

e. preliminary and permanent injunction ordering Maverick to return the Leased Engine to BizJet and otherwise comply with the contract;

f. judgment in favor of BizJet and against Maverick for the possession of the Leased Engine, or for recovery of possession, or the value thereof in case a delivery cannot be had;

g. costs and attorney's fees incurred by BizJet in bringing this action;

h. prejudgment and postjudgment interest; and

i.   all other relief to which BizJet may be entitled.

DATED December *16*, 2013.

Respectfully submitted,

*/s/ Michael J. Gibbens*

Michael J. Gibbens, OBA #3339
Susan E. Huntsman, OBA #18401
CROWE & DUNLEVY
A Professional Corporation
500 Kennedy Building
321 South Boston Avenue
Tulsa, OK 74103-3313
(918) 592-9800
(918) 592-9801 (Facsimile)
mike.gibbens@crowedunlevy.com
susan.huntsman@crowedunlevy.com
ATTORNEYS FOR BIZJET INTERNATIONAL
SALES AND SUPPORT, INC.

5